IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Howard Lee Sims, #213525<br><br>    Petitioner,<br><br>v.<br><br>Warden S. Lewis,<br><br>    Respondent. | C/A No.: 6:17-cv-3344-JFA<br><br>**ORDER** |

  This matter is before the Court on Respondent Warden S. Lewis's ("Respondent") Motion for Summary Judgment ("Motion") (ECF No. 25) as to Petitioner Howard Lee Sims' ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (ECF No. 1). Petitioner is a state prisoner proceeding *pro se*. (ECF No. 1). Petitioner exhausted his state court remedies through a direct appeal and PCR appeal before filing his § 2254 Petition with this court. (ECF No. 33 at 3-6, 14). The Petition alleges ten grounds of ineffective assistance of trial counsel and one ground of lack of subject matter jurisdiction. (ECF No. 1 at 5-12, 18-30).

  After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and recommends that Respondent's Motion be granted and that the Petitioner's Petition be denied. (ECF No. 33 at 20). The Report sets forth, in

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 33).

Petitioner was advised of his right to file objections to the Report, which was filed by the Magistrate Judge on September 17, 2018. (ECF No. 33 at 21). The Magistrate Judge required Petitioner to file objections to the Report by October 1, 2018. (ECF No. 33 at 21). Petitioner filed his objections on October 4, 2018 and the Court accepted his late filing pursuant to the prisoner mailbox rule.[2]

## I.    LEGAL STANDARD

### A. Review of Magistrate Judge's Report.

A district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at \*5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of

---

[2] *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (discussing the prisoner mailbox rule, whereby the date of filing is the date on which a prisoner plaintiff places a document to be filed on the docket into the prison mail system).

arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

**B. Summary Judgment.**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. The moving party has the burden of proving that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56.

**C. Ineffective Assistance of Counsel.**

To be entitled to relief on claims of ineffective assistance of trial counsel, a defendant must generally show (1) counsel's performance fell below objective standards of reasonableness, and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). There is a "strong presumption" counsel's "conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. *Strickland* requires a defendant to overcome the presumption that the challenged action taken by counsel might be considered sound trial strategy. *Id*. To prove prejudice, a defendant must show there is a reasonable probability, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 694.

Review of ineffective assistance of counsel claims in federal habeas proceedings is not simply a new review of the merits; rather, it is centered upon whether the state court decision was reasonable. 28 U.S.C. § 2254(d). The Supreme Court has cautioned "'[s]urmounting *Strickland*'s high bar is never an easy task[,]'" and establishing a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citation omitted). Each step in the review process requires deference to counsel and to the state court that previously reviewed counsel's actions. A petitioner must satisfy the highly deferential standards of § 2254(d) and *Strickland* "in tandem," making the standard "doubly" difficult. *Harrington*, 562 U.S. at 105. The question is not whether counsel's actions were reasonable, but whether there is any reasonable argument counsel satisfied *Strickland*'s deferential standard. *Id*.

Generally, a habeas petitioner is procedurally barred from raising defaulted ineffective-assistance-of-trial-counsel claims and "an attorney's errors in a postconviction proceeding do not qualify as cause for a default." *Martinez*, 566 U.S. at 8 (citing *Coleman*, 501 U.S. at 754–755). However, "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10 (citing *Coleman*, 501 U.S., at 750). More specifically,

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. at 17. Thus, a petitioner may establish cause for his default (and pursue federal habeas review) if he demonstrates his PCR counsel was ineffective and that the underlying ineffective assistance of trial counsel claim is substantial. The Court in Martinez also noted:

> When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.*, it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.

*Martinez*, 566 U.S. at 15-16.

## II. DISCUSSION

The Report addresses the Grounds raised in the Petition and Petitioner's Response to the Motion. (ECF No. 33). The Petition raises 11 claims: Grounds 1-10 allege ineffective assistance of trial counsel and Ground 11 alleges the trial court lacked jurisdiction over Petitioner's conviction for murder. (ECF No. 1 at 5-12, 18-30).

### A. Procedural Bar as to Grounds 1-11.

Respondent argues in his Motion that all of Petitioner's grounds are procedurally barred because Grounds 2 and 4-11 were not raised in State Court, and Grounds 1 and 3 were not preserved for appeal during the PCR process. (ECF No. 25). Further, Respondent argues Ground 11 is a non-cognizable claim because it alleges a violation of state law rather than federal law. (ECF No. 25). The Magistrate Judge agrees with Respondent and recommends granting the Motion. (ECF No. 33). In his Objections to the Report, Petitioner admits the Report correctly states the ineffective-assistance-of-trial-counsel claims raised in Grounds 1-10 of his Petition are procedurally barred from federal habeas review absent a showing of cause for the default and prejudice from a violation of federal law. (ECF No. 39 at 1-2). Petitioner then proceeds to object to the Report's conclusion that Petitioner failed to show cause for his default (i.e. that he failed to show his claims were substantial) by making general references to the record and by realleging that his trial counsel and PCR counsel failed to adequately represent him and that the result of his trial would have been different had his counsel acted in a different manner. (ECF No. 39).

However, claims are not inherently substantial. Petitioner must support his claims with facts and arguments to show the merit of his claims. However, Petitioner has failed to do so. Here, Petitioner admits that the majority of his claims are procedurally barred but argues that the default resulted from ineffective assistance of PCR counsel to preserve his claims for appeal. Yet, he fails to support his underlying claims with facts and argument to show that his claims are substantial. Further, Petitioner failed to specifically object to the Magistrate Judge's Report because he simply reiterated his previous arguments and merely said the Report was incorrect. Petitioner's failure to specifically object to the Report dooms his claims.

### B. Petitioner's Other Arguments in Response to Respondent's Motion.

Even though Petitioner petitions this Court for habeas relief, he argues this Court lacks subject matter jurisdiction to hear the grounds raised in his petition until he has exhausted his state court remedies. (ECF No. 28 at 7). However, Petitioner's claims are technically exhausted as he has no other means to pursue his claims in state court. (ECF No. 33 at 20). Also, since Petitioner has already had a PCR hearing in state court, he is not entitled to another one. (ECF No. 33 at 20). Thus, this Court has subject matter jurisdiction to adjudicate his habeas petition.

Petitioner further demands an evidentiary hearing and argues that this Court's consideration of Respondent's Motion without an evidentiary hearing would be prejudicial and "ex parte judicial review." (ECF No. 30 at 3). However, Petitioner's case is no more legally or factually complex than any other federal habeas action. *See* 28 U.S.C. §2245(e)(2) (providing an evidentiary hearing in a habeas action challenging a state action will not be held unless petitioner shows a new rule of law or the factual basis for the claim was unavailable and the facts sought to be proved would establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found petitioner guilty); *Schriro v. Landrigan*, 550 U.S. 465,

473 (2007) (establishing that the decision whether to grant an evidentiary hearing is left to the discretion of the district court). Further, a federal court's habeas review under § 2254(d)(1) is limited to the record before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, this Court's consideration of Respondent's Motion and the Magistrate Judge's Report is based upon the record that has already been developed in state court and is not "ex parte judicial review," and an evidentiary hearing is not required.

### C. Petitioner's Request for Counsel.

Finally, Petitioner requests counsel in his Objections to the Report. (ECF No. 39 at 5). However, there is no constitutional right to counsel in federal habeas cases. *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). Although the Court may appoint counsel where "the interests of justice of require," 18 U.S.C. § 3006A(a)(2)(B), precedent of the U.S. Court of Appeals for the Fourth Circuit dictates appointment of counsel should be made only in exceptional cases. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court*, 490 U.S. 196 (1989). Where the issues involved can be resolved on the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see also Rhyne v. Warden of Tyger River Corr. Inst.*, 2008 WL 1930040 at *13 (D.S.C. Apr. 29, 2008) (citing *Hoggard*, 29 F.3d at 471) ("The appointment of counsel is discretionary when no evidentiary hearing is necessary.").

Petitioner fails to demonstrate circumstances warranting the appointment of counsel. Petitioner was afforded a full evidentiary hearing in his state post-conviction relief action with the assistance of counsel and he has failed to demonstrate that counsel was ineffective. Thus, the Court declines to appoint counsel for Petitioner's habeas petition.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 33). Therefore, Respondent's Motion (ECF No. 25) is granted and the Petitioner's Petition (ECF No. 1) is dismissed with prejudice.

IT IS SO ORDERED.

March 26, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge